IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GREGORY A. RICHARDSON,

    Plaintiff,

v.                                          Civil Action No. 3:17CV525

COMMONWEALTH OF VIRGINIA, et al.,

    Defendants.

**MEMORANDUM OPINION**

Gregory A. Richardson, a Virginia detainee proceeding pro se, submitted an action he labeled, "MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF." (ECF No. 2.) By Memorandum Opinion and Order entered on January 8, 2009, the Court subjected all litigation submitted by Richardson to a prefiling injunction. Richardson v. Va. Dep't Corr., No. 3:07cv514 (E.D. Va. Order filed Jan. 8, 2009) (ECF No. 49). That injunction provides:

> 1. Absent a bona fide emergency, the Court will only process one action at a time from Richardson . . . .
> If Richardson files a new action while another action is pending before the Court, the new action will be filed and summarily dismissed without prejudice. If an action is transferred or removed to this Court while another action is currently pending before the Court, the new action will be filed and summarily dismissed without prejudice. Richardson may dismiss a pending action to expedite another action that he wishes the Court to consider. Such dismissal, however, will be with prejudice if a responsive pleading or motion has been filed.
> 2. Richardson may not simultaneously litigate multiple challenges to his current custody in state

and federal courts. See 28 U.S.C. § 2244(b); 28 U.S.C. § 2254(b)(1)(A).

3. Richardson is precluded from writing on both sides of any submission.

4. All petitions for writs of habeas corpus and civil rights actions under 42 U.S.C. § 1983 must be submitted on the standardized forms, which may be obtained from the Clerk of Court. To the extent that Richardson wishes to pursue an action under some other statute than 28 U.S.C. § 2241, 28 U.S.C § 2254, or 42 U.S.C. § 1983, he must identify the statute that authorizes the action at top of the first page of the action and succinctly explain why that statute is applicable.

5. In order to monitor Richardson's repetitious and multiplicitious litigation he must attach to each new complaint or petition a separate document entitled "motion for leave to file and certificate of compliance" which shall in separately number paragraphs:

    (a) Identify by style, date filed, and current status, all cases filed by him or in which he has been a plaintiff or petitioner within the one year period preceding the filing of the certificate. Richardson shall also identify in which court the case was filed;

    (b) Certify that the claims he wishes to present are new claims never before raised and dismissed with prejudice by any federal court and set forth why each claim could not have been raised in one [of] his prior federal actions;

    (c) For any complaint, set forth in separate subparagraphs for each of the defendants the facts that Richardson believes entitle him to relief against the defendant and the basis for his belief that such facts exist. Each subparagraph must, standing alone and without reference to other subparagraphs, exhibits, or attachments, establish that the claim against the defendant is made in good faith, and has a tenable basis in fact and is not frivolous;

    (d) Contain Richardson's statement under penalty of perjury that the statements made in the certificate of compliance are true.

6. Richardson's failure to comply strictly with the requirements set forth above will result in summary denial

of the motion for leave to file. If Richardson misrepresents any facts he will be subject to appropriate sanctions.

Id. at 1-3.

Richardson has not complied with the requirement of paragraph 4 of the ORDER entered on January 8, 2009 (ECF No. 49). That failure is important considering the rambling, rather incoherence of Richardson's proffered complaint. Indeed, the proffered complaint is vague and conclusory and readily can be described as frivolous and delusional. Nonetheless, it appears that the gravamen of Richardson's complaint is that the state court, a named defendant, erred by granting a petition to commit him and, in so doing, violated at least five sections of the United States Constitution.

This Court is without jurisdiction to review the order of the state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Richardson's remedy lies in an appeal in the state system.

Further, Richardson has named as a defendant a state prosecutor who, from the allegations of the proffered complaint, has absolute immunity from suit because she is alleged to have offended Richardson and his rights by prosecuting an action that she is authorized to prosecute. She is immune from suit under

3

Imbler v. Pachtman, 424 U.S. 409, 430 (1976). As to the other named defendants, the proffered complaint is stated in vague, conclusory terms. The allegations are so vague and conclusory as to be fanciful.

The requirement that Richardson be required to file any proffered complaint on specific forms is intended to enable meaningful prefiling review by the Court so as to foreclose the kind of abusive, meritless cases that Richardson has filed many times before. Thus, the requirement is no technicality. It has substantiated import and Richardson's failure to do as instructed is a significant one.

Moreover, Richardson has not complied with paragraph 5(a) of the ORDER of January 8, 2009 (ECF No. 49). That requirement is also of great import considering Richardson's litigious history.

For the foregoing reasons, the action will be dismissed without prejudice so that if Richardson has a viable claim against the defendants other than the prosecution in the Circuit Court of Nottoway County, he can pursue them in any court of competent jurisdiction and so that, if he has valid appeal rights in the state court system to appeal the state court's orders, he can do so.

4

The Clerk is directed to send a copy of the Memorandum Opinion to Richardson.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 15, 2017
Richmond, Virginia